*Jacob S. Temkin,* for defendant.

SADIE SILVA *vs.* ANTHONY SILVA *et al.*

JANUARY 16, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is a bill in equity to enjoin the foreclosure of a mortgage. The cause was heard in the superior court on bill, answer and proof and thereafter a decree was entered denying and dismissing the bill. From that decree the complainant has appealed to this court.

The complainant filed seven reasons in support of her appeal, but it appears from her brief and oral argument that her only real contention is that the decree is contrary to the evidence and the weight thereof. It is true that she finds fault with rulings of the trial justice excluding some evidence which she desired to introduce, but we cannot consider those alleged errors on this appeal, since she has not filed specific reasons of appeal challenging such rulings and pointing out the precise places in the transcript where her

objections thereto were overruled. *Nelson* v. *Dodge,* 76 R. I. 1. The only question before us, therefore, is whether the trial justice erred in finding that complainant had failed to prove the allegations in the bill of complaint upon which she based her right to an injunction. Of course his decision will not be disturbed by this court unless complainant can show that such decision is clearly wrong. *Graziano* v. *Graziano,* 81 R. I. 215.

The complainant is the wife of respondent Anthony Silva and he is the brother of respondent Lucy Miranda, who is the wife of respondent Joseph Miranda. On December 5, 1950 Joseph Miranda and his wife loaned the Silvas $2,000 to buy a house at 55 Purchase street in the town of East Providence and they took back a second mortgage as security therefor. It is admitted that the Silvas could not have bought the property without such financial assistance. In August 1955 the Silvas became estranged and Joseph went to live with the Mirandas. Sometime thereafter the Mirandas began proceedings to foreclose the mortgage. It is these proceedings which complainant seeks to have enjoined.

It is difficult to determine from the allegations in her bill of complaint the precise ground upon which she bases her right to the relief prayed for. The bill is prolix to a marked degree and this has contributed to its lack of clarity. Her brief filed in this court bears the same infirmities. However, so far as we understand her complaint, it would appear that she is charging respondents Joseph and Lucy Miranda with conspiring with her husband to defraud her of her share in the mortgaged real estate by instituting foreclosure proceedings.

The trial justice could find no evidence of fraud or conspiracy. On the contrary he found that the uncontradicted evidence showed the Silvas were in default of interest due on the mortgage; that the Mirandas had been lenient and generous in loaning the mortgage money to the Silvas in the first place; and also later in loaning them another $2,000

170

on their promissory note without collateral security of any kind. After making what appears to us a careful analysis of the evidence the trial justice came to the conclusion that complainant "wholly fails to make out any complaint." From our reading of the transcript we cannot say that he was clearly wrong. On the contrary we gathered therefrom that complainant's theory of a conspiracy to defraud her was entirely lacking in merit and that the trial justice's decision was soundly based on both the law and the evidence and does substantial justice between the parties.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Frank H. Wildes, Harry J. Weisman,* for complainant.

*Joseph T. Little, Francis E. Little, Jr.,* for respondents.